UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HECTOR HERNANDEZ,

    Petitioner,

v.                                        Case No.: 2:26-cv-00271-SPC-NPM

WARDEN OF ALLIGATOR
ALCATRAZ *et al.*,

    Respondent,

                                  /

**OPINION AND ORDER**

Before the Court are petitioner Hector Hernandez's Amended Petition for Writ of Habeas Corpus (Doc. 5) and the government's response (Doc. 8). For the below reasons, the Court grants the petition.

**A. Background**

Hernandez is a native of Cuba who entered the United States on July 17, 1989. He later became a lawful permanent resident, and his wife and two children are U.S. citizens. Hernandez was convicted of health care fraud in 2017, and an immigration judge ordered him removed on September 21, 2018. Immigration and Customs Enforcement ("ICE") detained him for about 80 days before releasing him under an order of supervision. Since then, Hernandez has fully complied with all conditions of supervision, and he is currently seeking to readjust his immigration status.

On November 12, 2025, Hernandez reported to ICE for a routine check-in, and ICE revoked his release and detained him without explanation. Cuba declined to repatriate Hernandez on December 16, 2025. ICE attempted to remove Hernandez to Mexico, but Mexico declined to accept him. He is currently detained at Alligator Alcatraz. Hernandez challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001), and he challenges the state and federal governments' authority to detain him.

**B. Legality of Detention**

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably

removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.* The presumptively reasonable six-month period for detention pending removal commences at the beginning of the removal period. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondents argue Hernandez's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the

removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Hernandez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba and Mexico have declined to accept him, and the government has not suggested it can remove him to any other country. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

### C. Conclusion

The Court finds no significant likelihood Hernandez will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Hernandez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Hector Hernandez's Amended Petition for Writ of Habeas Corpus (Doc. 5) is **GRANTED**.

1. The respondents shall release Hernandez within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by informing his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record